IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

NETPLANNER SYSTEMS, INC.,            *

    Plaintiff,                       *

vs.                                   *
                            CASE NO. 4:16-CV-150 (CDL)
GSC CONSTRUCTION, INC. and            *
LIBERTY MUTUAL INSURANCE
COMPANY,                              *

    Defendants.                      *

O R D E R

Plaintiff filed this action approximately sixteen months ago, alleging that it completed work at Fort Benning under a subcontract with Defendant GSC Construction, Inc. and that it has yet to be paid. Defendant Liberty Mutual Insurance Company provided the payment bonds that GSC Construction furnished pursuant to its obligations under the Miller Act, 40 U.S.C. § 3131 *et seq.* The parties participated in discovery, filed dispositive motions, prepared a joint pretrial order, and argued motions in limine. In anticipation of trying this case during the Court's September trial term, the Court held a pretrial conference. On the eve of that conference, Defendants filed a motion to compel arbitration. At the pretrial conference, the Court found that Defendants waived their right to compel arbitration by engaging in conduct inconsistent with insisting

on their right to arbitrate the dispute and by waiting until the last minute before trial to raise the issue. *See* Pretrial Order 15, ECF No. 37. The Court has examined Defendants' late filed motion and Plaintiff's response. As explained in the remainder of this Order, the Court confirms its earlier ruling denying Defendants' motion to compel arbitration (ECF No. 36).

STANDARD

"It is by now basic hornbook law that the Federal Arbitration Act (FAA), [9 U.S.C. § 1 *et seq.*], reflects 'both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract.'" *Jones v. Waffle House, Inc.*, No. 16-15574, 2017 WL 3381100, at *3 (11th Cir. Aug. 7, 2017) (quoting *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011)). Still, "[a]rbitration should not be compelled when the party who seeks to compel arbitration has waived that right." *In re Checking Account Overdraft Litig.*, 754 F.3d 1290, 1294 (11th Cir. 2014) (quoting *Morewitz v. W. of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.)*, 62 F.3d 1356, 1365 (11th Cir. 1995)). A party waives its right to compel arbitration "when both: (1) the party seeking arbitration 'substantially participates in litigation to a point inconsistent with an intent to arbitrate'; and (2) 'this participation results in prejudice to the opposing party.'" *Id.* (quoting *Morewitz*, 62 F.3d at 1366).

2

DISCUSSION

The Court confirms today that Defendants waived the right to insist upon arbitration of this dispute by substantially participating in the litigation up to this point and by delaying its request to compel arbitration until the very last minute. By waiting until the last minute to file its motion, Defendants' dilatory conduct has prejudiced Plaintiff by causing it to incur every expense necessary to try this case but for those incurred during the trial itself.

Defendants filed a joint answer that failed to raise any objection or argument against Plaintiff's claims based on an agreement to arbitrate. *See* Answer, ECF No. 7. Defendants assisted Plaintiff in drafting a proposed scheduling and discovery order, *see* Scheduling & Discovery Order 4, ECF No. 12, and thereafter participated in discovery. Defendants responded to Plaintiff's discovery requests and never argued that Plaintiff should be compelled to arbitrate its claims. When the discovery period eventually closed, Plaintiff filed a motion for summary judgment, to which Defendants responded with no mention that the claims were subject to an arbitration agreement. To the contrary, Defendants affirmatively invoked the machinery of the federal court and filed a motion under Federal Rule of Civil Procedure 12(b)(3) seeking dismissal or transfer of part of this case based on improper venue. *See* Defs.' Mot. to Dismiss Claims

1, ECF No. 19. The Court granted that motion. Defendants thus not only substantially participated in and delayed the litigation in this Court, but they also spawned new and additional litigation in another court.

Being parties to the subcontract containing the arbitration agreement, Defendants are presumed to know that they had the right to arbitrate this dispute all along. *See In re Checking Account Overdraft Litig.*, 754 F.3d at 1295 (explaining that party to an agreement to arbitrate is presumed to know that it has the right to arbitrate).[1] Notwithstanding that knowledge, Defendants waited until the very eve of the pretrial conference, after they helped Plaintiff draft a proposed pretrial order (that failed, again, to mention that Defendants wished to arbitrate this dispute), to file their cursory two-page motion to compel arbitration. The Court finds that the totality of Defendants' conduct over the past sixteen months of this litigation—particularly their 12(b)(3) motion and failure to raise the slightest argument in favor of arbitration until the very last minute—is inconsistent with the intent to arbitrate and, instead, is consistent with the desire to litigate this case in two federal courts.

---

[1] While Liberty Mutual is technically not a party to the arbitration agreement, the Court uses "Defendants" for simplicity.

By belatedly attempting to invoke their right to arbitrate, Defendants have prejudiced Plaintiff. "Substantially invoking the litigation machinery qualifies as the kind of prejudice that is the essence of waiver." *Id*. at 1295 (quoting *E.C. Ernst, Inc. v. Manhattan Constr. Co.*, 559 F.2d 268, 269 (5th Cir. 1977) (per curiam)). "A prime objective of an agreement to arbitrate is to achieve 'streamlined proceedings and expeditions results.'" *Id*. (quoting *Preston v. Ferrer*, 552 U.S. 346, 357 (2008)). Defendants answered Plaintiff's complaint without invoking their right to arbitration and proceeded to let Plaintiff spend time and money propounding discovery and reviewing evidence, filing briefs seeking summary judgment and opposing Defendants' motion to dismiss or transfer, and moving for in limine evidentiary rulings, presumably to narrow the issues for trial and plan its presentation of the case. Additionally, Defendants have forced Plaintiff to litigate half of its claims in another court in another jurisdiction away from its home, which will likely result in duplicative expenses and even more delays in getting paid. "By slowing the process and magnifying its costs, [Defendants'] delay undermined the purpose of the Federal Arbitration Act's 'liberal federal policy favoring arbitration agreements.'" *Id*. (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Cosntr. Copr.*, 460 U.S. 1, 24 (1983)); *see also Robinson v. Alston*, 596 F. App'x 871, 873 (11th Cir.

5

2015) (per curiam) (finding prejudice where party invoking arbitration agreement caused opposing party to endure costs in duplicative proceedings in another court). Because Defendants' delay and substantial participation in this litigation has prejudiced Plaintiff, the Court finds that Defendants waived their right to compel arbitration.

CONCLUSION

The FAA was enacted "to relieve congestion in the courts and to provide parties with an alternative dispute resolution that would be speedier and less costly than litigation." *Morewitz*, 62 F.3d at 1364. Defendants' eve-of-trial motion is not only inconsistent with an agreement to arbitrate but also plainly flouts the purposes of the FAA, all to the prejudice of Plaintiff. Accordingly, the Court confirms its earlier ruling denying Defendants motion to compel arbitration (ECF No. 36).

IT IS SO ORDERED, this 17th day of August, 2017.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA